O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BLAZE, ) | Case No. CV 16-08238-JDE |
| ) | |
| Plaintiff, ) | |
| vs. ) | MEMORANDUM OPINION AND |
| ) | ORDER |
| NANCY A. BERRYHILL,[1] Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**I.**

**PROCEEDINGS**

Plaintiff Mark Blaze ("Plaintiff") filed a complaint on November 4, 2016 seeking review of a denial of his application for Disability Insurance Benefits ("DIB") and supplemental security income ("SSI") by the Commissioner of Social Security ("Commissioner" or "Defendant"). Pursuant to consents of the parties, the case has been assigned to the undersigned Magistrate Judge for all purposes. (Dkt. Nos. 17, 21, 22). Consistent with the Order Re: Procedures in Social Security

---

[1] Nancy A. Berryhill is now Acting Commissioner of Social Security ("Commissioner" or "Defendant") and is substituted in as defendant. See 42 U.S.C. 205(g).

1

Appeal (Dkt. No. 9), the parties filed a Joint Stipulation addressing their respective positions. (Dkt. No. 27 ("Jt. Stip.").)

The Court has taken the Joint Stipulation under submission without oral argument and as such, this matter is now ready for decision.

## II.
## LEGAL STANDARD

### A. Standard of Review

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision denying benefits to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence" is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Gutierrez v. Comm'r of Soc. Sec., 740 F.3d 519, 522-23 (9th Cir. 2014) (citations and internal punctuation omitted). The standard of review of a decision by an Administrative Law Judge ("ALJ") is "highly deferential." Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1002 (9th Cir. 2015) (citation omitted). Section 405(g) permits a court to enter a judgment affirming, modifying, or reversing the Commissioner's decision. 42 U.S.C. § 405(g). The reviewing court may also remand the matter to the Social Security Administration ("SSA") for further proceedings. Id.

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). Although this Court cannot substitute its discretion for the Commissioner's, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal quotation marks and citation omitted). "Even when the

evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (court will uphold Commissioner's decision when evidence is susceptible to more than one rational interpretation). However, the Court may only review the reasons provided by the ALJ in the disability determination, and may not affirm the ALJ on a ground upon which the ALJ did not rely. Garrison v. Colvin, 759 F.3d 995, 1010 (9th Cir. 2014) (citation omitted); see also Orn, 495 F.3d at 630 (citation omitted).

Lastly, even if an ALJ erred, a reviewing court will still uphold the decision if the error was inconsequential to the ultimate non-disability determination, or where, despite the error, the ALJ's path "may reasonably be discerned," even if the ALJ explained the decision "with less than ideal clarity." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citations, internal punctuation omitted).

### B. Standard for Determining Disability Benefits

When the claimant's case has proceeded to consideration by an ALJ, the ALJ conducts a five-step sequential evaluation to determine at each step if the claimant is or is not disabled. See Molina, 674 F.3d at 1110 (citing, inter alia, 20 C.F.R. §§ 404.1520(a), 416.920(a)). First, the ALJ considers whether the claimant currently performs "substantial gainful activity." Id. If not, the ALJ proceeds to a second step to determine if the claimant has a "severe" medically determinable physical or mental impairment or combination of impairments that has lasted for more than 12 months. Id. If so, the ALJ proceeds to a third step to determine if the claimant's impairments render the claimant disabled because they "meet or equal" any of the "listed impairments" set forth in the Social Security regulations. See 20 C.F.R. Pt. 404, Subpt. P, App. 1; see also Rounds, 807 F.3d at 1001. If the claimant's impairments do not meet or equal a "listed impairment," before

3

proceeding to the fourth step, the ALJ assesses the claimant's residual functional capacity ("RFC"), that is, what the claimant can do on a sustained basis despite the limitations from her impairments. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Social Security Ruling ("SSR") 96-8p. After determining the claimant's RFC, the ALJ proceeds to the fourth step and determines whether the claimant has the RFC to perform her past relevant work, either as she performed it when she worked in the past, or as that same job is generally performed in the national economy. See Stacy v. Colvin, 825 F.3d 563, 569 (9th Cir. 2016) (citing, inter alia, SSR 82-61); see also 20 C.F.R. §§ 404.1560(b), 416.960(b).

If the claimant cannot perform her past relevant work, the ALJ proceeds to a fifth and final step to determine whether there is any other work, in light of the claimant's RFC, age, education, and work experience, that the claimant can perform and that exists in "significant numbers" in either the national or regional economies. See 20 C.F.R. §§ 404.1520(g), 416.920(g); Tackett v. Apfel, 180 F.3d 1094, 1100-01 (9th Cir. 1999). If the claimant can do other work, she is not disabled; if the claimant cannot do other work and meets the duration requirement, the claimant is disabled. See Tackett, 180 F.3d at 1099 (citing 20 C.F.R. § 404.1560(b)(3)); see also 20 C.F.R. § 416.960(b)(3).

The claimant generally bears the burden at each of steps one through four to show that she is disabled or that she meets the requirements to proceed to the next step; the claimant bears the ultimate burden to show that she is disabled. See, e.g., Molina, 674 F.3d at 1110; Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). However, at step five, the ALJ has a "limited" burden of production to identify representative jobs that the claimant can perform and that exist in "significant" numbers in the economy. See 20 C.F.R. §§ 404.1560(c)(1)-(2), 416.960(c)(1)-(2); Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Tackett, 180 F.3d at 1100.

# III.

# BACKGROUND AND ADMINISTRATIVE PROCEEDINGS

Plaintiff was born on October 28, 1962. (Administrative Record ("AR") 168.) On September 16, 2013, Plaintiff filed applications for DIB and SSI benefits, claiming disability beginning May 23, 2012. (Id. at 183-93.) After his applications were denied initially and upon reconsideration (id. at 115-25, 126-34), Plaintiff requested an administrative hearing. (Id. at 149-50.) Plaintiff, represented by counsel, testified at a hearing before the ALJ on April 8, 2015. (Id. at 71-114.)

On May 7, 2015, the ALJ issued a decision denying benefits. (Id. at 49-64.) At step one, the ALJ found Plaintiff had engaged in no substantial gainful activity since the alleged onset date. (Id. at 54-55.) At step two, the ALJ determined that Plaintiff had the following severe impairments: diabetes mellitus with neuropathy, cataracts in his right eye, peripheral arterial disease, and bilateral trigger finger. (Id. at 55.) At step three, the ALJ found that neither the impairments nor combination of impairments met or equaled a listed impairment. (Id. at 56-57.) Next, the ALJ found that Plaintiff had an RFC to perform light work with no more than frequent use of hands bilaterally; occasional climbing of stairs and ramps; never climbing ladders, scaffolds or ropes; and avoid exposure to ordinary workplace hazards such as boxes on the floor, doors ajar, unprotected heights, and moving machinery. (Id. at 57.) At step four, the ALJ found that Plaintiff was able to perform his past relevant work as a foreclosure clerk s described in the Dictionary of Occupational Titles ("DOT") at 249.362-014. (Id. at 59.) As a result, the ALJ concluded that Plaintiff was not disabled. (Id.)

On June 3, 2015, Plaintiff filed a request for the Appeals Council to review the ALJ's decision. (Id. at 43-45.) On September 7, 2016, the Appeals Council denied Plaintiff's request, making the ALJ's decision the Commissioner's final decision. (Id. at 1-7.) Plaintiff thereafter commenced this action.

# IV.
# DISCUSSION

The parties set forth the issues herein as follows (Jt. Stip. at 3):

<u>Issue No. 1</u>: Whether the ALJ's credibility assessment is supported by substantial evidence.

<u>Issue No. 2</u>: Whether the ALJ's assessment of the medical evidence and resulting residual functional capacity assessment is free of legal error and supported by substantial evidence.

<u>Issue No. 3</u>: Whether the evidence submitted to the Appeals Council establishes the ALJ's decision is not supported by substantial evidence.

Because the Court finds that the ALJ erred in assessing Plaintiff's RFC and at step four, the Court begins its analysis with Issue No. 2.

## A. Evaluation of Medical Testimony and Assessment of RFC

Plaintiff contends that that the ALJ's RFC is not supported by substantial evidence because the ALJ failed to consider all relevant medical evidence of record, particularly Plaintiff's limitations with respect to visual acuity, and that error carried over to the ALJ's hypothetical question posed to the VE. (Jt. Stip. at 14-15.) Plaintiff further argues that the ALJ erred in his assessment of the medical evidence and in failing to order a medical examination. (<u>Id.</u> at 12-13.) Defendant disputes Plaintiff's arguments. <u>Id.</u> at 15-20.

### 1. Applicable Law

#### a. Assessing a Claimant's RFC and the Step Four Analysis

In making an RFC determination, the ALJ must consider all the relevant evidence in the record. <u>See</u> <u>Robbins v. Soc. Sec. Admin.</u>, 466 F.3d 880, 883 (9th Cir. 2006). An ALJ's determination of a claimant's RFC must be affirmed "if the ALJ applied the proper legal standard and his decision is supported by substantial evidence." <u>Bayliss</u>, 427 F.3d at 1217.

"At step four of the sequential analysis, the claimant has the burden to prove that he cannot perform his prior relevant work 'either as actually performed or as generally performed in the national economy.'" Carmickle v. Comm'r, 533 F.3d 1155, 1166 (9th Cir. 2008) (citation omitted). "Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001) (citations omitted).

In determining the physical requirements of a claimant's past work, and whether he has the RFC to perform it, the ALJ considers information from the claimant, vocational experts, and the DOT. 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2). An ALJ may not rely on a VE's testimony regarding the requirements of a particular job without first asking the VE whether his testimony conflicts with the DOT, and if so, the reasons therefor. Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007). Failure to so inquire can be deemed harmless error where there is no apparent conflict or the VE provides sufficient support to justify deviation from the DOT. Id. at 1154 n.19. If the ALJ fails to obtain an explanation for and resolve an apparent conflict, even where the VE did not identify the conflict, the ALJ errs. See Hernandez v. Astrue, 2011 WL 223595, at *2-5 (C.D. Cal. Jan. 21, 2011); Mkhitaryan v. Astrue, 2010 WL 1752162, at *3 (C.D. Cal. Apr. 27, 2010); cf Lamear v. Berryhill, 865 F.3d 1201, 1205-07 (9th Cir. 2017); (finding ALJ is required to inquire of VE for any obvious and apparent conflict between the VE's opinion and the DOT at step five); Zavalin v. Colvin, 778 F.3d 842, 845-46 (9th Cir. 2007) (noting that "when there is an apparent conflict between the [VE's] testimony and the DOT – for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear to be more than the claimant can handle – the ALJ is required to reconcile the inconsistency." Further, "[i]f a vocational expert's hypothetical does

not reflect all the claimant's limitations, then the expert's testimony has no evidentiary value." Hill, 698 F.3d at 1161 (step five analysis, quoting Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993)).

### b. Weighing physicians' opinion evidence.

Three types of doctors may offer opinions in Social Security cases: (1) those who treated the plaintiff; (2) those who examined but did not treat the plaintiff; and (3) those who did neither. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Treating doctors' opinions are generally given more weight than those of examining doctors, and examining doctors' opinions generally receive more weight than those of nonexamining doctors. Id. Treating doctors' opinions receive greater weight because they are employed to cure and have more opportunity to know and observe patients as individuals. See Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Id. "The ALJ may disregard the treating physician's opinion whether or not that opinion is contradicted." Id. An "ALJ need not accept the opinion of any physician . . . if that opinion is brief, conclusory, and inadequately supported by clinical findings." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). To reject the un-contradicted opinion of a treating doctor, the ALJ must provide "clear and convincing reasons that are supported by substantial evidence." Bayliss v. Barhnart, 427 F.3d 1211, 1216 (9th Cir. 2005). Where a treating doctor's opinion is contradicted, the "ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." Id.

An ALJ need not recite "magic words" to reject a treating physician's opinion; the court may draw "specific and legitimate inferences" from the ALJ's opinion. Magallanes, 881 F.2d at 755. "[I]n interpreting the evidence and

developing the record, the ALJ does not need to 'discuss every piece of evidence.'" Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003) (quoting Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998)).

### 2. Analysis

#### a. Plaintiff's RFC and Step Four Analysis

Plaintiff contends that the ALJ's RFC is not supported by substantial evidence because the ALJ failed to consider all relevant medical evidence of record; specifically Plaintiff argues the ALJ did not include any limitations with respect to visual acuity, standing and walking (owing to Plaintiff's peripheral neuropathy), or his upper extremities. (Jt. Stip. at 14.) The Court finds that substantial evidence supports the ALJ's conclusions related to the peripheral neuropathy. However, as it relates to the limitations related to Plaintiff's visual acuity, the Court finds the ALJ committed error that was not harmless.

As the Commissioner notes, the ALJ did in fact include certain limitations in Plaintiff's RFC, namely: "no more than frequent use of hands bilaterally; no more than occasionally climbing stairs and ramps; never climbing ladders, scaffolds, or ropes; avoiding exposure to ordinary workplace hazards, such as boxes on the floor or doors ajar, as well as hazards such as unprotected heights and dangerous moving machinery." (AR 57.) With respect to Plaintiff's allegations of peripheral arterial disease and trigger finger, the ALJ included the limitation to light work, as well as the restrictions relating to climbing and bilateral use of hands, to account for these limitations. (Id. at 59.)

However, with respect to Plaintiff's visual limitations, the Court finds that the ALJ's RFC does not fully reflect the severity of Plaintiff's condition based medical evidence in the record. Therefore, the Court finds that the ALJ's RFC assessment is not supported by substantial evidence. See Robbins, 466 F.3d at 883.

Plaintiff testified that he was unable to read without significant difficulty and further testified that he was unable to afford medical treatment because he lacked health insurance; instead, he was only able to pursue treatment through the emergency room services. (See AR 88, 95.) The treatment notes of the examining physician recite that Plaintiff "has no insurance for extraction" of the cataract in his right eye. (Id. at 334.) The medical record reflects that Plaintiff had 20/50 vision in his left eye and 20/200 vision in his right eye, and 20/50 vision with both eyes – the same before and after pinhole correction. (AR 340.) The consultative examining physician opined that Plaintiff's impaired vision in the right eye could be corrected with surgery. (AR at 338.) The Commissioner argues that Plaintiff's vision problems "presumably" could be corrected with glasses. (Jt. Stip. at 18.)

Symptoms that can be alleviated by surgery cannot be discounted solely for lack of treatment when the record establishes that the claimant cannot afford it. Regenitter v. Comm'r of SSA, 166 F.3d 1294, 1297 (9th Cir. 1999) (citing Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996)); see also Gamble v. Chater, 68 F.3d 319, 322 (9th Cir. 1995) ("It flies in the face of the patent purposes of the Social Security Act to deny benefits to someone because he is too poor to obtain medical treatment that may help him."). Further, to the extent that the Commissioner argues that Plaintiff's vision difficulties "presumably" could be alleviated by glasses (Jt. Stip. at 18), the Commissioner does not cite to any evidence in support of that presumption, and the Court's independent review of the record does not find any support for the assertion. Because the Court "may not uphold an agency's decision on a ground not actually relied on by the agency" (Molina v. Astrue, 674 F.3d 1104, 1121 (9th Cir. 2012)), the Court cannot rely upon the argument raised by the Commissioner regarding glasses "presumably" providing corrective relief in affirming the ALJ.

The Commissioner further argues that the RFC does take Plaintiff's vision problem into account by including a limitation against exposure to "unprotected heights and dangerous moving machinery." (Jt. Stip. at 18.) However, as Plaintiff notes, "the issue here largely centers on the visual requirements of [Plaintiff's] past work," that is, work as a foreclosure clerk. (Jt. Stip. at 21.) The Court agrees that the limitation in the RFC does not take into account the evidence in the record, is not supported by substantial evidence, and as set forth below, based upon the questions posed to the VE, the error is not harmless.

The ALJ asked the VE two hypothetical questions and used the responses as a basis for his ultimate finding of non-disability. (AR 59, 109-112.) In both hypotheticals, the ALJ posed limitations to the VE that would account for Plaintiff's limitations in visual acuity by removing potential obstacles that would endanger his physical safety. (See id.) However, neither hypothetical took into consideration the extensive amount of reading, and near acuity, involved in his past work as a foreclosure clerk, an occupation that the VE opined Plaintiff was capable of performing. (Id. at 110.) The relevant potion of the DOT explains that the occupation of a foreclosure clerk would require constant near acuity, such that the need to see with near acuity would exist two-thirds of the time or more in the performance of the occupation. See DOT 249.362-014.

Plaintiff notes (Jt. Stip. at 14) that the DOT lists duties for a foreclosure clerk that heavily implicate the ability to see well, including: "typing letters, forms, checks, and other documents used for collection, disbursing, and recording mortgage principal, interest, and escrow account payments, using computer." DOT 249.362-014. As noted, in considering potential occupations that a claimant could perform, the ALJ relies on the DOT and VE testimony. 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2). As discussed above, when there is an obvious and apparent conflict between the VE's opinion and the DOT, the ALJ has an

11

affirmative obligation to inquire further of the ALJ. The Court finds that there was an obvious and apparent conflict between the VE's testimony and the DOT and the ALJ had a duty to inquire further of the ALJ about the conflict relating to Plaintiff's near visual acuity limitations as it affected his ability to perform the necessary functions of a foreclosure clerk, as described in the DOT.

For the foregoing reasons, the Court finds that: (1) the ALJ erred in assessing Plaintiff's RFC; (2) the ALJ erred in asking the VE hypothetical questions that did not fully reflect Plaintiff's limitations; (3) the ALJ erred in failing to address the obvious and apparent conflict between the VE's opinion and description of the requirements of the foreclosure clerk occupation provided in the DOT with respect Plaintiff's limited visual abilities; and (4) these errors were not harmless. Therefore, the Court reverses and remands on these grounds. See Benitez v. Califano, 573 F.2d 653, 655 (9th Cir. 1978) (finding that even when substantial evidence supports the Commissioner's findings, the decision must be set aside if improper legal standards were applied in reaching that decision). The Court declines to apply the credit-as-true rule because the record is not fully developed with respect to the conflict and the Court finds that further proceedings and testimony, consistent with this opinion, would serve a useful purpose. See Leon v. Berryhill, -- F.3d. --, 2017 WL 5150294, *4 (9th Cir. Nov. 7, 2017).

### 3. **Weighing of Physician's Medical Opinions**

The Court agrees with the Commissioner that the basis for Plaintiff's argument regarding the weighing of medical opinions is not entirely clear. (Jt. Stip. at 15.) It appears Plaintiff takes issue with the ALJ's crediting testimony of a non-examining physician, Dr. Davidson, noting that another doctor, Dr. Wallack, actually examined Plaintiff. However, having reviewed the ALJ's opinion and the medical record, the Court finds that the opinions and recommended limitations set forth by Dr. Davidson were not in material conflict with those offered by Dr.

Wallack in any way that was detrimental to Plaintiff. As a result, the Court does not find any error in the ALJ's consideration of the medical opinion testimony, and even if the ALJ had erred in his consideration of the medical opinion testimony, such error was harmless. The Court further finds that the ALJ did not err by not seeking a consultative examination because sufficient medical evidence was available to the ALJ in the record before him, and Plaintiff does not specifically identify any issue upon which the existing record was lacking. See Reed v. Massanari, 270 F.3d 838, 842 (9th Cir. 2001) (the Commissioner has broad latitude in ordering a consultative examination).

## B. <u>Adverse Credibility Determination</u>

Plaintiff argues that the ALJ's assessment of Plaintiff's credibility is not supported by substantial evidence. (Jt. Stip. at 3.) On March 28, 2016, after the ALJ's assessment in this case, SSR 16-3p went into effect, by the Commissioner announced she is "eliminating the use of the term 'credibility' from our sub-regulatory policy, as our regulations do not use this term." See SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016). The Commissioner clarified that "subjective symptom evaluation is not an examination of an individual's character" and requires that the ALJ consider all of the evidence in an individual's record when evaluating the intensity and persistence of symptoms. Id.; see also Trevizo v. Berryhill, 871 F.3d 664, 678 n.5 (9th Cir. 2017). Thus, the adjudicator "will not assess an individual's overall character or truthfulness in the manner typically used during an adversarial court litigation. The focus of the evaluation of an individual's symptoms should not be to determine whether he or she is a truthful person." SSR 16-3p, 2016 WL 1119029, at *10 (Mar. 16, 2016).

Because the Court has ordered a remand on other grounds, and because, on remand, a different standard for the assessment of subjective symptom testimony

will be in place than was in place at the time of the ALJ's underlying decision herein, the Court declines to decide whether the ALJ's finding below was error.

### C. The Evidence Presented to the Appeals Council

Plaintiff argues that there were additional records submitted to the Appeals Council that were not properly considered. (Jt. Stip. at 22.) Because the Court finds error on other grounds and remands the matter for further proceedings, the Court finds the issue of whether and what new information the Appeal Council considered to now be moot, as Plaintiff will have an opportunity to supplement the record before the ALJ upon remand.

## V.

## CONCLUSION AND ORDER

Consistent with the foregoing, IT IS ORDERED that that the decision of the Commissioner of Social Security is reversed and the matter is remanded for further administrative proceedings consistent with this memorandum and order. IT IS FURTHER ORDERED that the Clerk serve copies of this Order and Judgment on the counsel for both parties.

DATED:  November 20, 2017 

JOHN D. EARLY
United States Magistrate Judge